# MARYLAND REPORTS.

## DECEMBER TERM, A. D., 1852.

SUSAN WILES, by HANNAH BAKER, her next Friend, *vs.* TILGHMAN B. WILES, JOHN H. KELLER and CHRISTIAN RAMSBURG.

A wife, both prior to and at the time of her marriage, was the owner of a promissory note due and owing to her by the maker thereof. After marriage and birth of a child, the husband applied for the benefit of the insolvent laws, being wholly insolvent and unable to provide for the support of his wife and children, and the said note was the only means of such support. Upon a bill filed by the wife to restrain the trustee in insolvency of the husband from collecting this note, and for a suitable provision out of said note for herself and children: HELD, that she was not entitled to the relief sought.

Where the husband or his assignee asks the intervention of a court of equity to obtain possession of the wife's personal property, the court will require him to do what is equitable, by making a suitable provision out of it for her maintenance and that of her children, and if the fund be under the control of the court, she may proceed by original bill.

But equity will not restrain the husband or his assignee from collecting a *legal chose in action,* due the wife, until a suitable provision be made for her, where the aid of such a court is unnecessary in order to reduce such *chose in action* into possession.

The wife's equity does not, according to adjudged cases, attach, except upon that part of her personal property in action which the husband cannot acquire without the assistance of a court of equity.

If the husband can acquire possession without a suit at law or in equity, or by a *suit at law* without the aid of chancery, (except as to legacies or portions by will or inheritance,) he will not be disturbed in the exercise of the right.

1    v.3

Wiles *vs.* Wiles, *et al.*

Whenever the *jurisdiction* of a court of equity properly and legitimately attaches to the fund or to the subject, as in cases of trust, distributive shares, account, legacies, or where the husband has abandoned his wife, refusing to contribute to her support, it is competent to provide for the wife out of the fund.

Where the husband abandons the wife and refuses to contribute to her support, a court of equity has the right to grant alimony, and until the assignee of the husband actually reduces the *choses in action* of the wife into possession, her right of survivorship exists, and a court of equity will interfere to provide her alimony if her life has been such as to entitle her to its protection.

The doctrine of the case of *Bell, et al., vs. Bell,* 1 *Kelly,* 637, that the wife's equity attaches upon her *legal choses* in action, and will be protected in a court of equity, irrespective of the necessity of its aid to enable the husband or his assignee to reduce them into possession, is not adopted by this court.

The case of *State vs. Krebs,* 6 *Har. & Johns.,* 31, distinctly decides, that whenever a husband can come at the estate of the wife without the aid of a court of chancery, that court cannot interfere in her behalf.

The *chose in action* in this case is of a *legal* and not of an *equitable* character, and the remedy of the husband and of his trustee in insolvency, to reduce it into possession, is at law. The aid of a court of equity is in no manner required to effectuate this purpose.

Under our insolvent system, on the application of the husband for its benefit, all his right passed to his trustee, and if the latter reduces the note in question into possession, it must be distributed in a court of law and not a court of equity.

APPEAL from the Equity Side of Frederick county court.

The appellant, Susan Wiles, anterior to and at the time of her marriage with the appellee, Tilghman B. Wiles, was the owner of a promissory note, executed to her in her then maiden name of Susan Baker, by the appellee, Christian Ramsburg, to the amount of $958, of which $100 principal and all the interest, up to the 26th of November 1849, had been paid. On the 20th of September 1849, after the marriage and birth of a child, the husband, Tilghman B. Wiles, applied for the benefit of the insolvent laws, and John H. Keller, the other appellee, was appointed his permanent trustee, and was proceeding to collect this note, when, on the 21st of May 1850, the wife filed her bill for an injunction to restrain him from thus proceeding, and for a suitable provision out of said note for herself and children. The alle-

Wiles *vs.* Wiles, *et al.*

gations of this bill, which were admitted to be true by the answers and by agreement of counsel filed in the case, are fully stated in the opinion of this court.

The court below refused the injunction and dismissed the bill, and the judge, (MARSHALL,) accompanying his decree, delivered an opinion, in which, after stating the facts of the case, he says:

"Marriage at common law vests in the husband, in absolute right, all the personal estate of the wife of which she is in actual possession. But he acquires only a qualified property in her *choses in action,* which may be made absolute by his reducing them into possession during his life. Where her *choses in action* are of an equitable character, in other words where they are within reach of a court of chancery, or the person in whose hands they are is subject to the jurisdiction of the court, the wife is entitled to an equitable provision out of them, before the husband will be suffered to reduce them into possession. This doctrine in equity is clearly settled by authority, either in the case where the husband invokes the aid of the court to obtain possession of the personal property of the wife in action, or where the wife prefers her petition, seeking a provision out of her estate within the reach of the court. But where the *chose in action* is merely a *legal chose,* and the husband can reduce it into possession without the intervention of a court of chancery, that court cannot interfere in her behalf. The principles thus announced are well settled by authority in England and in this State. *State, use of Rogers, vs. Krebs, et al.,* 6 *H. & J.,* 31. This equally holds good in the case of a trustee under the insolvent laws, because he holds all the rights of the husband.

"The *chose in action* out of which the complainant seeks an equitable provision in this case is purely a *legal chose,* and beyond the reach of a court of chancery. The provision which the complainant seeks cannot therefore be maintained, and the injunction prayed for must be refused. It is urged upon the consideration of this court, that as the fortune of the wife is by the law given to the husband upon the tacit condi-

Wiles *vs.* Wiles, *et al.*

tion that he maintains her, if he either will not maintain her, or is incapable of doing so by actual insolvency, this will entitle the wife to a provision out of her own fortune, whether it consists of legal or equitable *choses in action.* The cases of *Van Epps vs. Van Deusen,* 4 *Paige,* 65 *to* 74; *Martin vs. Martin,* 1 *Hoffman,* 462, 467; and the case of *Bell, et al., vs. Bell,* 1 *Kelly,* 637, are relied on to support this position. All these cases are not within reach of this court, and consequently an opportunity is not afforded for a careful examination of them. But it is apprehended when they are examined, it will be found that either the fund itself or the person in whose hands the fund of the wife was, was in each of the cases referred to within the reach of, and subject to the jurisdiction and power of a court of chancery. The case in 4 *Paige,* 65, certainly is so, for that was the case of a guardian. But if these cases, when carefully examined, should be found to introduce a new rule of equity, this court does not feel authorised to adopt it, since the appellate court of Maryland, in the case of *State vs. Krebs,* 6 *H. & J.,* 31, has announced a different doctrine. The case of the complainant is a hard one, and if this court had the power to administer the relief her case calls for, it would be cheerfully done. But if a new rule of equity is to be introduced, it must be done by the court of last resort, and it will be followed with celerity by this court. It follows that the injunction prayed for must be refused and the bill dismissed, with costs."

From the decree thus refusing the injunction and dismissing the bill, the complainant appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Wm. J. Ross* and *McLean* for the appellant, contended:

1st. That a wife, by her next friend, may assert her equity to a provision out of her *choses in action* by an independent bill, and she may become an original complainant in asserting

her equity. *Duvall vs. Farmers Bank of Maryland,* 4 G. & J., 283, 291.

2nd. That in all cases where the trustee of an insolvent debtor is seeking to recover the *choses in action* of a wife not reduced into possession, and when it appears that the husband is insolvent and unable to support his wife and children, a court of equity will interfere and restrain the trustee by injunction, until he makes suitable provision for the wife and her children. *Smith vs. Kane and Wife,* 2 *Paige,* 303. 1 *White and Tudor's Leading Cases in Equity,* 350. 65 *Law Lib.,* 324. *Van Epps vs. Van Deusen,* 4 *Paige,* 64. *Fry vs. Fry,* 7 *Paige,* 462. *Martin vs. Martin,* 1 *Hoffman,* 467. *Bell, et al., vs. Bell,* 1 *Kelly,* 637. *Davis vs. Newton,* 6 *Metcalf,* 537. *Rees vs. Waters,* 9 *Watts,* 90. 2 *Kent's Com.,* 140. 2 *Story's Equity,* secs. 1402, 1403, and *note,* and *sec.* 1404.

This equity to a settlement out of legal *choses in action,* arises only in cases where the husband has abandoned the wife, or has become insolvent, and there is no other provision for his wife. *1st White's Leading Cases,* 351. 65 *Law Lib.,* 357. There is no distinction between legal and equitable *choses in action,* under the facts alleged and admitted in this cause, as to the wife's right to an equitable provision. 1 *Kelly,* 637. *Clancy on Married Women,* 464. In this case the facts come within the principle admitted to be an exception to the general rule, that when the husband can recover the legal *choses in action* of the wife, without resort to a court of equity, the wife is deprived of her equity; for it is proved, that the husband is insolvent and unable to support his wife and children, and that there is no other provision for her support than the fund in question.

The case of *State vs. Krebs,* 6 *H. & J.,* 31, referred to by the court below, does not decide the point involved in this case. The points there decided were, that the share of the wife's real estate, sold by commissioners under the act to direct descents, was personal property; and secondly, being a legal *chose in action,* was liable to be attached at the instance of a creditor. This liability to attachment arises from the

fact, that the husband is entitled to reduce his wife's *choses in action* into possession, and when so reduced becomes his property. A creditor has the same power, and no greater. The trustee under the insolvent laws is vested only with the rights of the husband. The case was in a common law court, in which the wife's right to an equitable settlement was not presented, and could not be adjudicated. The remedy of the wife is solely in equity. The case in 6 *H. & J.*, does not therefore conclude this question.

Besides, the whole current of legislation in Maryland, and the decisions of the courts of the several States, have been directed to the preservation and protection of the rights and property of the wife, and the rule of equitable provision has been much extended by subsequent decisions. The point which we urge in this cause, is distinct from the point decided in 6 *H. & J.*, and presents a question not involved in that case:—the insolvency of the husband, the inability of the husband to maintain his wife and family, and that she has no other provision for the support of herself and family than the fund in question.

The cases in 5 *Johns. Ch. Rep.*, 464, 476; 3 *Cowen*, 591; and 65 *Law Lib.*, 352, show what allowance is proper to be made to the wife.

*Jos. M. Palmer* for the appellee, contended:

1st. That the allegations in the complainant's bill do not in any wise entitle her to the relief prayed, and the bill of complaint was rightly dismissed by the county court, as a court of equity.

2nd. It is an incontrovertible principle of the common law, that in virtue of marriage the husband becomes absolutely entitled to all the personal estate of the wife, including "*her choses in action*," and he can legally and properly appropriate the whole of them to his own use.

3rd. If the husband can acquire and obtain possession of the wife's *choses in action*, by a suit at law, without the aid of a court of equity, (except legacies,) the husband will not

be disturbed in the exercise of that right, and all his legal rights of property pass to his insolvent trustee. 6 *Metcalf*, 537. 9 *Vez.*, 97. 2 *Kent's Com.*, 139, 141. 2 *Johns. Ch. Rep.*, 206. 6 *Paige*, 366. 2 *McCord*, 36, 43. 2 *Story's Eq.*, secs. 1402, 1403, *note;* 1414, *note.* The case in 1 *Hoffman*, 462, was a case in equity, so was also the cases cited on the other side, in 5 *Johns. Ch. Rep.*, 477, and 4 *Paige*, 67.

4th. In this State all the property of an insolvent petitioner, including the interest of the husband in the legal *choses in action* of the wife, passes to the insolvent trustee, subject only to her legal right of survivorship, and said trustee can sustain an action on such *choses in action* and recover the money. *Act of* 1827, *ch.* 70. 7 *Gill*, 157. 1 *Md. Rep.*, 142.

Le Grand, C. J., delivered the opinion of this court.

There is no dispute in regard to the facts in this case. The bill, in substance, states,—and its allegations are admitted by the answers and the agreement filed in the cause—that the appellant, at the time and prior to her marriage with the defendant, Wiles, was the owner of a *chose in action*, due and owing to her by the defendant, Ramsburg; that after the marriage and the birth of a child, her husband, on the 20th day of September 1849, applied for the benefit of the insolvent laws, and that the defendant, Keller, was appointed his permanent trustee. The bill also states, that Wiles is wholly insolvent and unable to provide for the support of his wife and children, and that the note is the only means of support of complainant and her children; and that the trustee of her husband is seeking to recover this note, and prays an injunction to restrain the trustee from proceeding to collect the note, and for a suitable provision, out of said note, for herself and children.

The question for this court to determine is, whether she be entitled to the relief sought?

On the part of the appellant it has been insisted, that in all cases where the trustee of an insolvent debtor is seeking to recover the *choses in action* of a wife, not reduced into pos-

session, and when it appears that the husband is insolvent and unable to support his wife and children, a court of equity will interfere and restrain the trustee by injunction, until he makes a suitable provision for the wife and her children.

There is no doubt of the general proposition, that where a husband, or his assignee, asks the intervention of a court of equity to obtain the possession of a wife's personal property, the court will require him to do what is equitable, by making a suitable provision out of it for her maintenance and that of her children; and if the fund be under the control of the court, she may proceed by original bill.  *Duvall vs. Farmers Bank of Md.*, 4 *Gill & John.*, 282.

But the doctrine contended for on behalf of the appellant; extends beyond this principle.  It, in substance, asserts, that a court of equity will restrain a husband, or his assignee, from collecting a *legal chose in action*, even where it is not necessary for him or his assignee to invoke the aid of a court of equity, until such time as a suitable provision be made for the wife.  The propriety of such a doctrine is strongly urged by the reasoning of learned jurists, but we have not been able to find, with but one exception, that it has ever been so *decided*.

The subject has undergone a very full review in many cases, both in England and this country.  The principal cases in which it has been considered in this country, have been very carefully brought together in the notes to the case of *Murray vs. Lord Elibank*, 65 *Law Lib.*, 329.

Speaking of the wife's equity, Chancellor Kent, in *vol.* 2, *page* 141 of his *Commentaries*, says: It "does not, *according to the adjudged cases*, attach, except upon that part of her personal property in action which the husband cannot acquire without the assistance of a court of equity."  And that "if the husband can acquire possession without a suit at law, or in equity, *or by a suit at law*, without the aid of a court of chancery, (except perhaps as to legacies, and portions by will or inheritance,) the husband will not be disturbed in the exercise of the right."

This, we take it, is the substance of the principles estab-

lished by the adjudged cases, both in England and this country. It is true that learned jurists have suggested the inquiry, whether a court of chancery ought not, on just principles, to restrain the husband from availing himself of any means, either at law or equity, of possessing himself of the wife's personal property in action, until he makes a suitable provision for her. Indeed some of the courts have gone so far as to say, that if it were in their power to do so, and the circumstances of the case required it, they would enforce by their decision such a doctrine. But in none of the cases in which this opinion is expressed, with the exception of the one in 1 *Kelly*, is the case presented which required the application of such a principle. They were all cases of which the court had an *equitable* cognizance; and it is clear, that whenever the *jurisdiction* of a court of equity properly and legitimately attaches to the fund, or to the subject, it is competent to provide for the wife out of the fund. In all the cases, with the exception already mentioned, cited by the counsel of the appellant in support of his view, a court of equity, *as such*, had jurisdiction over the subject matter. They were either cases of trust; of distributive shares, account, legacies, or where the husband had abandoned his wife, refusing to contribute to her support. In the latter case a court of chancery has the right to grant alimony, and until the assignee of the husband actually reduces into possession the *choses in action* of the wife, her right of survivorship exists, and a court of equity will interfere to provide her alimony, if her life has been such as to entitle her to its protection.

The case of *Bell, et al., vs. Bell,* 1 *Kelly*, 637, undoubtedly establishes the proposition, that the wife's equity attaches upon her *legal choses in action*, and will be protected by a court of equity, irrespective of the necessity of its aid to enable the husband, or his assignee, to reduce them into possession. Although we fully appreciate the ability and legal erudition which the learned judge in that case employs to sustain his position, we are unable to agree with him in opinion as to the purport of the decisions on which he relies.

2     v.3

We have seen that Chancellor Kent has not deduced the same conclusion from the *adjudged* cases. And Mr. Clancy, whose authority is also invoked by the court, in *Bell vs. Bell*, while he insists there is no just ground upon which a court of equity should decline to interfere in cases, where the husband is seeking to recover the wife's *legal choses in action*, nevertheless admits, that the prevalent spirit of the cases is against it. *Clancy on Married Women*, B. 5, ch. 2, pages 466 *to* 470. We concur with the court in *Thomas vs. Sheppard*, 2 *McCord's Ch. Rep.*, 36, that however wise and proper such an exercise of power may be, it does not become the courts, from a spirit of knight-errantry, to extend the principle beyond its well defined limits. That duty, if there be a necessity for its performance, belongs to the legislature.

But whatever may be the views of lawyers elsewhere, we consider the question settled in Maryland, by the case of the *State vs. Krebs*, 6 *Harr. & John.*, 31, in which it was distinctly held: "that wherever a husband can come at the estate of the wife, without the aid of a court of chancery, that court cannot interfere in her behalf."

In the case now under consideration, the *chose in action* is of a *legal* and not of an *equitable* character, and as such, the remedy of the husband, and consequently that of his trustee under the insolvent law, to reduce it into possession, is in a court of law. In no manner is the aid of a court of equity required to effectuate this purpose. If the debtor had voluntarily paid it to the trustee, the latter would have been competent to have given a discharge. Under our insolvent system, on the application of the husband for *its* benefit, all *his* right passed to his trustee, and if he succeeds in reducing the particular *chose* involved in this controversy into possession, it will be distributed in a court of law and not a court of equity. *Carter vs. Dennison*, 7 *Gill*, 157, and *Pierson vs. Trail, Trustee of Miller*, 1 *Maryland Reps.*, 142.

*Decree affirmed.*